**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2111-22

BOUAZZA QUAZIZ,

      Plaintiff-Appellant,

v.

NOURA EL GHAZOINI,

      Defendant-Respondent.

_____

      Submitted November 9, 2023 — Decided  December 14, 2023

      Before Judges Vernoia and Walcott-Henderson.

      On appeal from an interlocutory order of the Superior Court of New Jersey, Chancery Division, Family Part, Hudson County, Docket No. FM-09-0618-20.

      Bouazza Quaziz, appellant pro se.

      Dunne, Dunne & Cohen, LLC., attorneys for respondent (Leonard B. Cohen, of counsel and on the brief).

PER CURIAM

By leave granted, plaintiff Bouazza Quaziz challenges the entry of a March 17, 2023 Rosenblum[1] order finding him a vexatious litigant and directing that any future motions he seeks to file must be reviewed by the Assignment Judge prior to filing. We granted plaintiff's motion for leave to appeal solely from the Rosenblum order.

Plaintiff's refusal to accept DNA confirmed test results establishing that he is the biological father of the child born during his marriage to defendant, Noura El Ghazoini, and plaintiff's filing of several motions challenging those results led to the entry of the Rosenblum order. We discern no abuse of discretion by the judge and affirm.

Plaintiff and defendant were married on March 14, 2019, and defendant gave birth to a child on April 9, 2020. Approximately six months into the marriage and prior to the birth of the child, plaintiff filed his initial pro-se complaint for divorce. In the complaint, plaintiff alleged that he was not the child's father. Over the course of several months, plaintiff filed three amended complaints both through counsel and as a self-represented litigant, including a "first amended complaint for divorce," on September 20, 2020; a pro se "verified amended complaint for annulment," dated November 16, 2020; an "amended

---

[1] Rosenblum v. Borough of Closter, 333 N.J. Super. 385 (App. Div. 2000).

complaint for annulment and alternatively divorce," filed January 27, 2021; and a "verified second amended complaint for annulment," filed July 15, 2022. Plaintiff's current amended complaint includes counts for adultery, extreme cruelty, intentional infliction of emotional distress, negligent infliction of emotional distress, and a cause of action for annulment based upon fraud in which he claims that the marriage was a sham and defendant married him to secure a green card.

The court ordered a paternity test as requested in plaintiff's second amended complaint, which confirmed with 99.99 percent probability that plaintiff is the child's father. Upon receipt of these results, plaintiff filed opposition to the entry of an order confirming paternity pursuant to Rule 5:14-2, and the court ordered retesting.

The second DNA test also yielded identical results again showing a 99.99 percent probability that plaintiff is the child's father, and the court entered an order establishing plaintiff's paternity based on the results of the second test. A few months later, the court entered a child support order for $214 per week and setting arrears at $6,328. Plaintiff failed to pay child support in accordance with the order and approximately two months later, the court entered an order finding plaintiff in violation of litigant's rights and directing plaintiff to pay defendant's counsel fees.

Unsatisfied with these results and the entry of a pendente lite order for child support, plaintiff moved for recusal of the motion judge and to void all prior orders. The judge denied plaintiff's motion in an order dated December 17, 2021. Defendant moved to enforce the child support orders and plaintiff next moved for vacatur of all prior orders, including the orders establishing paternity and for child support.

In an order dated February 25, 2022, the court denied plaintiff's motion and issued a warrant for plaintiff's arrest "for failing to pay child support in accordance with the October 27, 2021 order as he was already in violation of litigants rights . . . ." The judge reserved the issuance of the warrant until plaintiff could be scheduled for an enforcement hearing.

While the Family Part matrimonial proceeding was pending, plaintiff filed a lawsuit in the United States District Court against the two Superior Court judges who had made rulings in this matrimonial–action, the Hudson County Prosecutor, defendant, several of his prior counsel and Labcorp, the entity that performed the paternity testing. Plaintiff's complaint, filed July 12, 2022, was subsequently amended twice.

In his second amended complaint, plaintiff's alleged various causes of actions against the State defendants were dismissed with prejudice, sua sponte, in an order dated December 2, 2022. Plaintiff's claims against the remaining

defendants, including his prior counsel, were not found to be entirely time barred, and were dismissed without prejudice. The court granted him thirty days to file an amended complaint.[2]

With portions of his federal court complaint still pending, plaintiff moved in the Family Part for the third time to vacate all its orders approximately one year after the prior judge denied plaintiff's second motion to vacate all prior orders. Plaintiff again argued that he is not the child's father and contested the results of the second DNA test, asserting it was "based on fraud and inaccurate taking" and "[he] never had sex with defendant when she [got] pregnant."

Defendant cross-moved for a Rosenblum order. In her certification dated February 2, 2023, defendant referred to the frivolous and harassing nature of plaintiff's repeated filings against her, his failure to adhere to the court's prior orders establishing child support, his child support arrears of $21,522, his numerous complaints and amended complaints for divorce, his ex-parte order of protection against her in Brooklyn, and his refiling of the same motion to void all prior orders solely because a different judge had been assigned to the case.

---

[2] The court found that plaintiff's second amended complaint included claims that accrued in 2016 to 2019. Reading plaintiff's complaint liberally, the court concluded that those claims were time-barred under the one-year statute of limitations in 42 U.S.C. § 1986, or the two-year statute of limitations in 42 U.S.C. § 1982 and N.J.S.A. 2A:14-2.

The court denied plaintiff's third motion to vacate and granted defendant's cross-motion and entered the Rosenblum order. The court considered the volume and disposition of plaintiff's numerous filings, and explained in detail the reasons for its conclusion, finding more traditional sanctions would not protect against further frivolous litigation. This appeal followed.

Though difficult to discern, a fair reading of plaintiff's vague and voluminous brief suggests that he seeks vacation of the Rosenblum order, as well as all prior orders establishing paternity and support. As to the entry of the Rosenblum order, plaintiff contests the court's finding he is a vexatious litigant. He further argues that vacation is necessary under two different theories. First, he maintains defendant's boyfriend was "drugging [him] to have sex and drug[s] with defendant," thereby resulting in the conception of the child. Alternatively, plaintiff alleges that defendant "got pregnant from her boyfriend," the two Labcorp results establishing his paternity of the child are a product of fraud, and the Superior Court judge presiding over his case conspired with others, including the police department in Jersey City, to deprive him of the relief sought, constituting among other things, "[four] years of war zone crimes."

Those theories are directed at the validity of the prior paternity orders and the pendente lite support order, which is currently in arrears. Because we granted plaintiff leave to appeal solely from the Rosenblum order, we limit our

review of his arguments to their application to his challenge to the that order. Stated differently, and as noted, the scope of our review pursuant to our order granting plaintiff leave to appeal does not permit consideration of plaintiff's arguments to the extent they are offered as a challenge to orders. We consider the arguments only to the extent they are pertinent to his challenge to the Rosenblum order.

I.

We review a court's order to enjoin a litigant from further filings for abuse of discretion. See Parish v. Parish, 412 N.J. Super. 39, 51 (App. Div. 2010); Rosenblum, 333 N.J. Super. at 392. "A court abuses its discretion when a decision 'is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Terranova v. Gen. Elec. Pension Tr., 457 N.J. Super. 404, 410 (App. Div. 2019) (quoting U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012)).

The Fourteenth Amendment's due process clause "imposes upon state actors an obligation to refrain from preventing individuals from obtaining access to the civil courts." Rosenblum, 333 N.J. Super. at 389-90 (quoting Brown v. Grabowski, 922 F.2d 1097, 1113 (3d Cir. 1990)). "[T]he complete denial of the filing of a claim without judicial review of its merits would violate the

A-2111-22

constitutional right to access of the courts." Parish, 412 N.J. Super. at 48 (quoting Rosenblum, 333 N.J. Super. at 390).

At the same time, "courts have the inherent authority, if not the obligation, to control the filing of frivolous motions and to curtail 'harassing and vexatious litigation.'" Ibid. (quoting Rosenblum, 333 N.J. Super. at 387, 391). The court's power to deem pleadings frivolous under N.J.S.A. 2A:15-59.1(b)(1) and Rule 1:4-8(a)(1) is the source of this authority. Id. at 48-49. The "discretionary exercise of the extreme remedy of enjoining or conditioning a litigant's ability to present his or her claim to the court must be used sparingly; it is not a remedy of first or even second resort." Parish, 412 N.J. Super. at 54.

When determining whether to issue an order under Rosenblum enjoining a party from frivolous litigation, the court must evaluate "the volume and disposition of the cases" filed by the litigant, "address the allegations in the present complaints," "give reasons for her conclusion that the complaints may not be filed," "be assured that more traditional sanctions will not protect against frivolous litigation," and "must review the new complaint to be assured that a meritorious claim is not suppressed." 333 N.J. Super. at 392-97; see also Parish, 412 N.J. Super. at 54.

In Rosenblum, we rejected a finding made by an assignment judge that a filer should be enjoined from future filings due to a history of frivolous filings

because the court failed to "address the allegations in the present complaints and conclude why, if frivolous, traditional sanctions [were] inadequate to protect the interests of the courts and defendants" and that "[the court] must also give reasons for her conclusion that the complaints may not be filed."  333 N.J. Super. at 397.  The court elaborated,

> [t]he volume and disposition of the cases must be evaluated before the plaintiff can be said to have filed only frivolous litigation. . . . [T]he [a]ssignment [j]udge must also address the allegations in the present complaints and conclude why, if frivolous, traditional sanctions are inadequate to protect the interests of the courts and defendants.  She must also give reasons for her conclusion that the complaints may not be filed.  In essence, while we appreciate the concerns relating to frivolous litigation, the record the [a]ssignment [j]udge must build in order to sustain her decision not to permit the filing may raise questions of practicality, at least where other sanctions for frivolous litigation can provide a deterrent and can be collected or enforced.
>
> [Ibid.]

Dissatisfied with the entry of the orders establishing paternity and his child support obligations, plaintiff sought to challenge, for the third time, the DNA results establishing paternity and all the orders entered based on the paternity determination.  A different judge denied plaintiff's third motion to vacate and granted defendant's cross-motion for the Rosenblum order, finding it was warranted because plaintiff had filed a third motion challenging paternity—the last of which was filed a year after the second challenge—and that coupled

with his history of non-compliance with prior court orders and lack of deterrence by the prior imposition of monetary sanctions, necessitated the entry of the order. The judge issued a comprehensive and well-reasoned opinion addressing the fundamental rights of litigants to have access to the court system and the well-developed record that showed plaintiff's actions since the commencement of the divorce proceedings.

Specifically, the court stated that plaintiff had "requested a paternity test with respect to the minor child [and] subsequently amended his [c]omplaint four times, adding causes of action for annulment based on fraud and divorce based on adultery and extreme cruelty," that the parties consented to the first paternity test and following receipt of the test results—showing 99.99 percent probability that plaintiff was the biological parent of the child—the court ordered that plaintiff's paternity of the child had been established. Shortly thereafter, plaintiff objected to the test results and sought a second test, which "also showed a probability of 99.99 percent paternity . . . ."

The court further discussed the history of plaintiff's motions, including "two motions challenging the [c]ourt's paternity decision," the motion for recusal of the prior judge, the motion to vacate all prior orders under Rule 4:50-1 and Rule 4:42-2, which were denied; and plaintiff's motion to vacate the paternity decision that is the subject of this appeal. The court stated:

> Plaintiff's January 28, 2023 [n]otice of [m]otion to vacate all [o]rders signed by the previous [j]udge assigned to this matter is [denied] in its entirety . . . [p]laintiff's motion papers do not present a sufficient basis for either reconsideration of an interlocutory order under . . . Rule 4:43-2(b) or relief from a final order under . . . Rule 4:50-1. In support of his motion, [p]laintiff relies upon vague, confusing, and conclusory arguments that paternity test results that show he is the father of the minor child were in some way fraudulent. Plaintiff fails to sufficiently explain how the test results were fraudulent or how this warrants reconsideration of all prior [o]rders entered in this matter.
>
> [emphasis added.]

Critically, the court also incorporated into its analysis the undisputed facts showing that plaintiff had not only filed multiple complaints and motions against defendant in Superior Court but that he had also filed an action in the United States District Court of New Jersey against many individuals, including two judges who had ruled on his case, defendant, and defendant's counsel.[3]

Upon reviewing the record, and the volume and disposition of plaintiff's filings, the court next addressed the allegations made by plaintiff in the current application, finding them to be without merit. Consistent with Rosenblum, the

---

[3] The claims against the State defendants were dismissed in their entirety on December 2, 2022. Defendant avers plaintiff appealed from the dismissal. The record indicates plaintiff has since filed a second sixty-four-page complaint in the District Court against defendant and others, including the judge who entered the Rosenblum order.

court also addressed whether other sanctions, such as the imposition of attorneys' fees or penalties would be adequate to protect against other frivolous filings, stating:

> [p]laintiff has a documented history of non-compliance with his court-ordered obligations. He owes substantial child support arrears and has previously been found in violation of litigants' rights regarding this. The [c]ourt has also awarded counsel fees to [d]efendant on prior occasions, including on December 27, 2021 and February 25, 2022.

Lastly, in his statement of reasons, the judge acknowledged the gravity of the remedy that he was about to impose—as the Rosenblum order would require "all of [p]laintiff's future motions to be reviewed by the Assignment Judge before being accepted"—referring to the imposition of such an order as an "extraordinary remedy." He was nevertheless persuaded that "[p]laintiff's recent filings in this matter have been frivolous and [d]efendant should not have to continue to bear the burden of responding to them," and the court further found "[p]rior monetary sanctions have not deterred plaintiff . . . [and] [t]here is no merit whatsoever to the pending application . . . ."

We find no abuse of discretion by the judge in reaching his determination that a Rosenblum order is necessary based upon the undisputed facts in this record. We find significant the judge's thorough examination of the record, and thoughtful weighing of plaintiff's constitutional right to have access to the courts

and the need to protect defendant from frivolous litigation based upon plaintiff's refusal to accept the results of the very paternity test he sought for the child.

Rosenblum requires consideration of all applicable factors and not merely the number of filings made by a vexatious litigant. Here, the judge appropriately considered and found significant that plaintiff's last motion was his third attempt to relitigate the same issues involving paternity that he had unsuccessfully brought before the court one year earlier. We agree with the judge that this third motion was frivolous because plaintiff raised no new arguments for the court to consider and instead continued to express his dissatisfaction with the paternity results and child support orders. Plaintiff offered no new evidence or scientific or expert testimony to support his contention the DNA results were unreliable, incorrect, or compromised, and he supported his motion with only self-serving and demeaning accusations against defendant. He remains undeterred even in the face of scientific evidence showing a 99.99 percent probability he is the biological parent of the child and, based on his prior conduct, plaintiff will likely continue to challenge these results.

Further, we also agree with the judge that the imposition of additional fees and financial sanctions for frivolous litigation will likely prove ineffective—given plaintiff's history of meritless filings and the absence of any evidence the prior imposition of monetary sanctions in the form of attorney's fee awards have

A-2111-22

dissuaded him from further frivolous motions. And, we concur that plaintiff's repeated court filings only serve to compound the financial burden endured by defendant as she must respond to each and every frivolous motion and court filing brought by plaintiff.

We therefore affirm the entry of the <u>Rosenblum</u> order requiring plaintiff to submit all future motions to the Assignment Judge of the vicinage prior to filing.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2111-22

14